UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| SARAH BROOKS, | ) | |
| | ) | |
| Plaintiff, | ) | No.: __ -CV- ___ |
| | ) | |
| v. | ) | |
| | ) | |
| EYE CARE ASSOCIATES, P.C., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendant Eye Care Associates, P.C. ("ECA"), files this Notice of Removal ("Notice") to the United States District Court for the Eastern District of Tennessee. Removal is proper based on the following grounds:

**I.  Facts**

1. On or about February, 10, 2023, Sarah Brooks ("Plaintiff") initiated a civil action captioned *Sarah Brooks v. Eye Care Associates, P.C.* Case No. 23-0100, in the Chancery Court of Hamilton County, Tennessee (the "State Court Action").

2. Plaintiff's Complaint alleges the following causes of action against Defendant: Count I - Violation of Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-101, et seq, Pregnancy Discrimination Act of 1978, 42 U.S.C. 21 § 701(k), *et se*q.; Count II - Violation of Tennessee Disability Act, Tenn. Code Ann §8-50-103, and the Tennessee Human Rights Act, T.C.A. §4-21-101, *et seq*.

3. The Civil Cover Sheet associated with this Notice is attached hereto as <u>Exhibit A.</u>

4. True and correct copies of all the process, pleadings, and orders in the State Court Action that have been filed to date are attached hereto as <u>Exhibit B</u>.

5. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed on or before

the first court day following thirty (30) days after service of process by Plaintiff. Defendant ECA was served with process on February 23, 2023. *See* <u>Exhibit B</u>, Service of Process.

6. Defendant has not filed an Answer or other pleading in the State Court Action.

## II. <u>This Court has Federal Question Jurisdiction.</u>

7. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331, which provides that federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States" ("Federal Question").

8. Pursuant to 28 U.S.C. § 1441(a), "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

9. Plaintiff's Petition raises a Federal Question in that it expressly alleges that Defendants violated the Pregnancy Discrimination Act of 1978, 42 U.S.C. 21 § 701(k), *et se*q.. *See* <u>Exhibit B</u>, Complaint, ¶¶ 22.

## III. <u>Supplemental Jurisdiction.</u>

10. This Court can exercise supplemental jurisdiction over the state law claims Plaintiff makes against ECA because these claims form part of the same case or controversy as the federal Pregnancy Discrimination Act claims. The supplemental jurisdiction statute 28 U.S.C. § 1367(a) provides in pertinent part as follows:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy …

11. In the instant case, Plaintiffs' state law claims are related to the same activity that forms the basis for the federal claims--namely, the Plaintiff's employment. Thus, Plaintiffs' state

law claims in this case are "so related to claims in the action within [this Court's] original jurisdiction" that they form part of the same case or controversy and, as such, fall squarely within this Court's supplemental jurisdiction as provided under 28 U.S.C. § 1367(a). See also 28 U.S.C. § 1441(c) ("[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein .. . ").

12. Accordingly, this action is one under which the Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) and (2), and which may be removed to this Court pursuant to 28 U.S.C. § 1441.

**IV. Venue is appropriate in this Court.**

13. Removal to this court is proper pursuant to 28 U.S.C. § 1441(a) because this Court is the federal district court embracing the Circuit Court of Hamilton County, Tennessee where the State Court Action was filed.

14. Defendant submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff, including, but not limited to, improper service of process, improper venue, lack of personal jurisdiction, or Plaintiff's failure to state any claims upon which relief may be granted.

15. A copy of this Notice of Removal and exhibits hereto have been served upon Plaintiff, and, together with a Notice of Filing of Removal, will be filed with the Clerk of the Chancery Court of Hamilton County, Tennessee.

WHEREFORE, Defendant prays that further proceedings in the Chancery Court of Hamilton County, Tennessee, be discontinued and that said Case Number 23-0100, now pending in the Circuit Court of Hamilton County, Tennessee, be removed to the United States District Court for the Eastern District of Tennessee, and that such Court assume full jurisdiction of this action as provided by law.

/s/ H. Eric Burnette
H. Eric Burnette, BPR No. 024342
Harry F. Burnette, BPR No. 004803
**BURNETTE DOBSON & PINCHAK**
711 Cherry Street
Chattanooga, TN 37402
Telephone: (423) 266-2121
Email: eburnette@bdplawfirm.com

/s/ Douglas M. Cox
Douglas M. Cox, BPR No. 012609
**DREADEN & COX**
9218 Dayton Pike, Suite 114
Soddy Daisy, TN 37379
Telephone: (423) 634-8000
Email: doug@dreadenandcox.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2023, the foregoing Notice of Removal was served via U.S. Mail and email upon the following:

R. Ethan Hargraves
6400 Lee Highway, Ste 101
Chattanooga, TN 37421
ethan@masseyattorneys.com

/s/ H. Eric Burnette